**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4094
_____


UNITED STATES OF AMERICA

v.

JAY GOLDSTEIN a/k/a Yaakov

JAY GOLDSTEIN,

Appellant

_____


On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 3-14-cr-00287-003)
District Judge:  Honorable Freda L. Wolfson

_____


Argued on January 25, 2017
Panel Rehearing Granted on August 30, 2018

Before: CHAGARES, RESTREPO and ROTH, Circuit
Judges

(Opinion filed: January 22, 2019)

Aidan P. O'Connor    [Argued]
Pashman Stein Walder Hayden
21 Main Street
Court Plaza South, Suite 200
Hackensack, NJ 07601
         *Counsel for Appellant*

Mark E. Coyne
Office of United States Attorney
970 Broad Street, Room 700
Newark, NJ 07102

Norman Gross   [Argued]
Glenn J. Moramarco  [Argued]
Office of United States Attorney
Camden Federal Building & Courthouse
401 Market Street
Camden, NJ 08101
         *Counsel for Appellee*

_____

OPINION

_____


ROTH, <u>Circuit Judge</u>

I.

We granted Appellant Jay Goldstein's petition for rehearing to address the effect of the Supreme Court's recent decision in *Carpenter v. United States*[1] on our prior panel decision, *United States v. Stimler*.[2] In *Stimler*, we held that the District Court properly denied Goldstein's motion to suppress his cell site location information (CSLI) because Goldstein had no reasonable expectation of privacy in his CSLI, and, therefore, the government did not need probable cause to collect this data.[3] *Carpenter* sets forth a new rule that defendants do in fact have a privacy interest in their CSLI, and the government must generally obtain a search warrant supported by probable cause to obtain this information.[4] However, we still affirm the District Court's decision under the good faith exception to the exclusionary rule because the government had an objectively reasonable good faith belief that its conduct was legal when it acquired Goldstein's CSLI.

II.

We recited a comprehensive factual background in our previous decision.[5] The facts relevant to this decision follow.

---

[1] 138 S. Ct. 2206 (2018).

[2] 864 F.3d 253 (3d Cir. 2017).

[3] *Id.* at 263. *Carpenter* does not affect our other holdings in *Stimler*. Those remain as written and are not addressed in or changed by this decision.

[4] *Carpenter*, 138 S. Ct. at 2217, 2222.

[5] *Stimler*, 864 F.3d at 259-61.

Goldstein was arrested for his involvement in a kidnapping scheme. Hoping to find evidence placing Goldstein at the scene of the kidnapping, the prosecutors obtained a court order under the Stored Communications Act (SCA)—specifically 18 U.S.C. § 2703(d)—compelling Goldstein's cell phone carrier to turn over 57 days' worth of his CSLI. CSLI is a type of metadata that is generated every time a user's cell phone connects to the nearest antenna. The user's cell phone service provider retains a time-stamped record identifying the particular antenna to which the phone connected. Because most people constantly carry and frequently use their cell phones, CSLI can provide a detailed log of an individual's movements over a period of time.

The legal question in this case centers on whether Section 2703(d), the statutory provision under which the government obtained Goldstein's CSLI, complies with the Fourth Amendment. The Fourth Amendment protects against unreasonable searches. In order for the acquisition of CSLI to be a "search" under the Fourth Amendment, an individual must have a reasonable expectation of privacy in his CSLI.[6] In order for a search to be "reasonable," it generally must be conducted pursuant to a search warrant supported by probable cause, unless an exception to the warrant requirement applies.[7] Consequently, if there is no reasonable expectation of privacy as to CSLI, then its acquisition does not require a search warrant; if there is, then a warrant is generally required. Section 2703(d) does not require a showing of

---

[6] *See United States v. Knotts*, 460 U.S. 276, 281 (1983) (explaining what constitutes a reasonable expectation of privacy).
[7] *See Riley v. California*, 134 S. Ct. 2473, 2482 (2014).

probable cause to obtain CSLI. Rather, it calls for a more lenient standard, requiring "specific and articulable facts showing that there are reasonable grounds to believe" that the CSLI is relevant and material.[8]

Before trial, Goldstein moved to suppress the CSLI, arguing that this provision violates the Fourth Amendment because it authorizes disclosure of CSLI without a warrant supported by probable cause. The District Court rejected this argument and denied the motion. Through the testimony of an FBI agent, the government introduced the CSLI at trial, which placed him in the vicinity of the kidnapping site. Goldstein was convicted and sentenced to 96 months in prison.

In our previous decision, we affirmed the District Court's denial of Goldstein's motion to suppress, holding that Section 2703(d) complied with the Fourth Amendment because cell phone users have no reasonable expectation of privacy in their CSLI.[9] We relied on our decision in *In re Application of the United States for an Order Directing a Provider of Electronic Communication Service to Disclose Records to the Government* (*In re Application*),[10] which also found no reasonable expectation of privacy in CSLI,[11] and we

---

[8] 18 U.S.C. § 2703(d).

[9] *Stimler*, 864 F.3d at 263.

[10] 620 F.3d 304 (3d Cir. 2010).

[11] *Id.* at 312-13 (holding that CSLI is obtainable without "the traditional probable cause determination" because individuals' privacy interests do not extend to CSLI).

reasoned that there were no intervening changes in law undermining *In re Application*.[12]

Goldstein petitioned for rehearing, and we held the petition *curia advisari vult* pending the Supreme Court's decision in *Carpenter*, which was set to address essentially the same question we answered in *Stimler*: whether obtaining CSLI without a warrant supported by probable cause under Section 2703(d) violates the Fourth Amendment's protection against unreasonable searches. The Supreme Court decided *Carpenter*, and we granted Goldstein's petition for panel rehearing.[13] *Carpenter* came to the opposite conclusion that we came to in *In re Application* and *Stimler* and held that "an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured though CSLI" and that the government's collection of CSLI requires a showing of probable cause under the Fourth Amendment.[14] Consequently, Section 2703(d) may not be used to access CSLI because it requires less than probable cause.

Applying *Carpenter* to Goldstein's case, we find that the government did violate Goldstein's Fourth Amendment rights when it acquired his CSLI under Section 2703(d) of the SCA. However, we will still affirm the District Court's admission of Goldstein's CSLI because the government was acting under an objectively reasonable good faith belief that

---

[12] *Stimler*, 864 F.3d at 264-67.
[13] Appellants Stimler and Epstein also petitioned for rehearing, but we denied those petitions because the government did not collect their CSLI.
[14] *Carpenter*, 138 S. Ct. at 2217, 2222.

6

obtaining CSLI under Section 2703(d) was constitutional at the time.

## III.  [15]

It is clear that under *Carpenter*, acquiring Goldstein's CSLI was an unconstitutional search under the Fourth Amendment because the government did not obtain a warrant supported by probable cause.[16]  However, evidence obtained in violation of a defendant's Fourth Amendment rights is not automatically suppressed.  Evidence will be suppressed under the exclusionary rule when suppression would further the exclusionary rule's primary objective:  to deter Fourth Amendment violations.[17]  One instance where suppressing evidence will not encourage deterrence is where the government acted "upon an objectively reasonable good faith belief in the legality of [its] conduct" when conducting a

---

[15] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.  "In reviewing a motion to suppress, 'we review a district court's factual findings for clear error, and we exercise de novo review over its application of the law to those factual findings.'" *United States v. Katzin*, 769 F.3d 163, 169 n.4 (3d Cir. 2014) (en banc) (quoting *United States v. Pavulak*, 700 F.3d 651, 660 (3d Cir. 2012)).

[16] A warrantless search is still reasonable under the Fourth Amendment if an exception to the warrant requirement applies, but the parties do not argue, and we do not find, that any exception applies here.  *Carpenter*, 138 S. Ct. at 2222-23.

[17] *Katzin*, 769 F.3d at 170-71.

search.[18]  Indeed, "applying the exclusionary rule would not 'yield appreciable deterrence'" when government actors have a reasonable belief that their conduct conforms with the law.[19] This is known as the good faith exception, and where it applies, the illegally-obtained evidence will not be suppressed under the exclusionary rule.

The Supreme Court has applied this exception across a number of cases where suppressing evidence would not have any deterrent value—three of which are relevant here.  In *Illinois v. Krull*,[20] the Court held that the good faith exception applies when a search is executed pursuant to a statute that was valid at the time of the search but later declared unconstitutional.[21]  Except in instances where a statute is obviously unconstitutional, suppressing evidence obtained by a law enforcement officer "acting in objectively reasonable reliance on a statute would have . . . little deterrent effect on the [government's] actions."[22]  Under *Davis v. United States*,[23] this exception also applies when a search is conducted based upon reasonable reliance on then-binding appellate precedent because exclusion in this context would not deter improper government conduct.[24]  And under *United*

---

[18] *Id.* at 182.

[19] *United States v. Vasquez-Algarin*, 821 F.3d 467, 482-83 (3d Cir. 2016) (quoting *Davis v. United States*, 564 U.S. 229, 237 (2011)).

[20] 480 U.S. 340 (1987).

[21] *Id.* at 349-50.

[22] *Id.*

[23] 564 U.S. 229 (2011).

[24] *Id.* at 241.

*States v. Leon*,[25] the exclusionary rule will not apply when law enforcement conducts a search pursuant to a judicial order later found invalid.[26]

The good faith exception applies to the government's search in this case because the government acted upon an objectively reasonable, good faith belief that obtaining Goldstein's CSLI under Section 2703(d) was legal. At the time the search was executed, it was authorized under Section 2703(d). The government complied with all requirements of Section 2703(d) and obtained a valid judicial order to collect Goldstein's CSLI. Moreover, the government had no reason to question the constitutionality of obtaining CSLI through Section 2703(d) because that question had been answered by this Court in *In re Application*—which was binding appellate precedent.[27] Thus, because the government relied on a properly-obtained valid judicial order, a then-valid statute, and then-binding appellate authority, it had an objectively reasonable, good faith belief that its conduct was legal. Indeed, the conduct was legal at the time. Excluding evidence obtained through methods that complied with the law at the time of the search cannot serve any deterrent purpose. Under *Krull*, *Davis*, and *Leon*, the good faith exception applies, and the District Court's denial of the motion to suppress is affirmed. Our holding puts us in good company, as many of our sister circuits have also found that

---

[25] 468 U.S. 897 (1984).

[26] *Id.* at 922.

[27] *In re Application*, 620 F.3d at 313 ("[W]e hold that CSLI from cell phone calls is obtainable under a § 2703(d) order and that such an order does not require the traditional probable cause determination.").

the good faith exception applies when the government obtained CLSI data without a warrant prior to *Carpenter*.[28]

Goldstein contends that the good faith exception does not apply because the government's reliance on Section 2703(d) was unreasonable for two reasons, both of which fail. First, he argues that, at the time of the search, the Eleventh Circuit had held that collecting CSLI without a warrant supported by probable cause violated the Fourth

---

[28] *See, e.g.*, *United States v. Joyner*, 899 F.3d 1199, 1204-05 (11th Cir. 2018) ("Here, the Government complied with the requirements of the SCA in obtaining the orders to compel cell site records, and when they did so in June 2015, that warrantless procedure was, under this Court's precedent, within the bounds of the Fourth Amendment.");
*United States v. Chavez*, 894 F.3d 593, 608 (4th Cir. 2018) (*Carpenter* does not affect cases where investigators acted pursuant to court orders and the SCA); *United States v. Curtis*, 901 F.3d 846, 849 (7th Cir. 2018) ("We conclude, therefore, that even though it is now established that the Fourth Amendment requires a warrant for the type of cell-phone data present here, exclusion of that information was not required because it was collected in good faith."); *United States v. Chambers*, No. 16-163-CR, 2018 WL 4523607, at *3 (2d Cir. Sept. 21, 2018) ("Thus, we conclude that even after *Jones*, but before *Carpenter*, it was objectively reasonable for authorities to think that if they complied with the SCA, no warrant based on probable cause was constitutionally required to obtain cell-site information from a third party."). Judge Restrepo's concurrence in *Stimler* also concluded that the good faith exception applied here in light of *In re Application*. *See Stimler*, 864 F.3d at 279-80 (Restrepo, J., concurring).

Amendment.[29]   But, under *Davis*, only *binding* appellate precedent is relevant to the good faith exception, and *In re Application* was binding in this Circuit at the time.  Second, he contends the government could not have reasonably relied on *In re Application* because it had been undermined by two subsequent Supreme Court cases—*United States v. Jones*[30] and *Riley v. California*.[31]   As discussed in *Stimler*, neither case undercuts *In re Application* because neither addresses the long-term collection of metadata from cell phones.[32] *Jones* addressed long-term collection of GPS location data from a car—not a cell phone.[33]  *Riley* involved the contents of a cell phone, not the metadata transmitted from a cell phone to a third party.[34]  Indeed, *Carpenter* itself recognizes that the collection of CSLI does "not fit neatly under existing

---

[29] *See* Appellant's Supplemental Letter at 3-4.  The case that Goldstein refers to was reversed on rehearing and upheld the constitutionality of CSLI obtained on less than probable cause.  *See United States v. Davis*, 785 F.3d 498, 513 (11th Cir. 2015).

[30] 565 U.S. 400 (2012) (holding that placing a GPS tracker on a defendant's car for 28 days without a warrant violated the Fourth Amendment).

[31] 134 S. Ct. 2473 (2014) (holding that a warrantless search of the contents of a cell phone violated Fourth Amendment).

[32] *Stimler*, 864 F.3d at 264-67.

[33] *Jones*, 565 U.S. at 412-13.  *Carpenter* explains that cars cannot be analogized to cell phones in this context because cell phones can provide law enforcement with more information than a car about an individual's movements. *Carpenter*, 138 S. Ct. at 2218.

[34] *Riley*, 134 S. Ct. at 2494-95.

precedents."[35]  The government could not have predicted the outcome of *Carpenter* and the overruling of *In re Application* from two Supreme Court cases that the Supreme Court itself said are not directly applicable.

Goldstein also argues that the good faith exception applies only to police officers and other investigators, not the government attorneys who obtained the Section 2703(d) order here.  Goldstein cites nothing in support of his proposed limitation on the good faith exception, and we see no reason to limit its applicability in this case.  The relevant inquiry here is not who the state actor is, but rather, whether the state actor had a reasonable, good faith belief that his actions were legal.  The prosecutors relied on a then-valid statute whose constitutionality had been confirmed by this Circuit.  The good faith exception applies.

IV.

For the foregoing reasons, we affirm the District Court's denial of Goldstein's motion to suppress.

---

[35] *Carpenter*, 138 S. Ct. at 2214-16.