**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3562

_____

UNITED STATES OF AMERICA

v.

FENDI BROOKS,
                    Appellant

_____

On Appeal from the District Court
of the Virgin Islands
(D.C. No. 3-18-cr-00042-002)
District Judge:  Honorable Curtis V. Gomez

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 8, 2020

_____

Before:  SMITH, Chief Judge, CHAGARES and MATEY, Circuit Judges

(Opinion filed: December 29, 2020)

_____

OPINION*

_____

---

*      This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Fendi Brooks pled guilty to one count of conspiracy to possess with intent to distribute a controlled substance. The District Court sentenced her to seventy-seven months of imprisonment. Brooks now appeals her judgment of conviction. For the following reasons, we will affirm.

I.

We write solely for the parties' benefit, so our summary of the facts is brief. In September 2018, Brooks and her co-defendant, Ngoc Yen Nguyen, travelled together on a Delta Air Lines, Inc. ("Delta") flight from the Virgin Islands to Atlanta, Georgia. Upon arriving in Georgia, Brooks and Nguyen presented themselves to a U.S. Customs and Border Protection ("CBP") officer to pay duties on alcohol they had purchased in the Virgin Islands. The CBP officer took an x-ray scan of their luggage and discovered thirteen bricks of cocaine.

An Assistant Special Agent in Charge from Homeland Security Investigations ("HSI") — which is part of the Department of Homeland Security ("DHS") — subsequently issued several administrative subpoenas to companies including Delta and Sprint Corporation ("Sprint"). The subpoena issued to Delta (the "Delta Subpoena") requested flight manifests, flight and ticketing information, and the transaction history for Brooks and Nguyen. The subpoena issued to Sprint (the "Sprint Subpoena") requested subscriber information and call information for a specific phone number.

Brooks was charged by criminal information with two counts of controlled substance violations on October 23, 2018. A few weeks later, on November 7, 2018,

Attorney General Jefferson B. Sessions resigned from office, and the President named Matthew Whitaker, who had been the Attorney General's Chief of Staff, as the Acting Attorney General.[1]  Brooks filed a motion to dismiss the information six days later on the ground that Whitaker's designation violated federal law and the Appointments Clause and thus rendered her prosecution unlawful.  Before the District Court decided Brooks's motion to dismiss, the grand jury returned an indictment in December 2018, which added a third controlled substance charge.  Brooks filed a motion to suppress evidence obtained under the Delta and Sprint Subpoenas that same day.

The District Court held a hearing on the pending motions on March 7, 2019.  Whitaker was no longer the Acting Attorney General by that time.  The Government represented that it intended to use only the subscriber information and phone log, not the location data, that it received from Sprint.  The District Court concluded that Brooks lacked standing to challenge the subpoenas and denied her motion to suppress.  The court also denied Brooks's motion to dismiss without explanation.

Brooks agreed that same day to plead guilty to Count One of the indictment — conspiracy to possess with intent to distribute cocaine.  As part of the plea agreement, Brooks reserved the right to appeal the District Court's denials of her motions to suppress and dismiss.  The District Court accepted Brooks's guilty plea at the hearing.

---

[1]      We may take judicial notice of the date of the President's announcement designating Whitaker as Acting Attorney General because it "is not subject to reasonable dispute."  Fed. R. Evid. 201(b).

3

The District Court sentenced Brooks to seventy-seven months of imprisonment and five years of supervised release on October 31, 2019. The court, however, did not issue the judgment until February 14, 2020. Brooks filed a notice of appeal on November 1, 2019 — after the District Court's verdict but before the judgment. Brooks's appeal is timely. See United States v. Hashagen, 816 F.2d 899, 901 (3d Cir. 1987) ("[A] notice of appeal filed after verdict but before sentence, although premature, ripens into an appealable order when the judgment of sentence is entered.").

## II.[2]

In this appeal, Brooks contests her conviction based on the District Court's denials of her motion to dismiss and motion to suppress. We will address each in turn.

## A.

Brooks argues that her conviction and sentence must be vacated because Whitaker's appointment as Acting Attorney General violated federal law and the Appointments Clause. In other words, Brooks contends that Whitaker's appointment was improper and thus rendered invalid every sentence imposed on someone whose prosecution took place at least partially during Whitaker's tenure as Acting Attorney General, even if much of the prosecution took place and the actual sentence was imposed

---

[2]     The District Court had jurisdiction under 48 U.S.C. § 1612 and 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We review a district court's order denying a motion to suppress or motion to dismiss under a mixed standard of review. We review findings of fact for clear error but exercise plenary review over legal conclusions. United States v. Thompson, 772 F.3d 752, 758 (3d Cir. 2014) (motions to suppress); United States v. Stock, 728 F.3d 287, 291 (3d Cir. 2013) (motions to dismiss).

after Whitaker was no longer Acting Attorney General. Brooks also reasons that she does not need to show prejudice or harm because the purported Appointments Clause violation is "structural in nature." Brooks Opening Br. 5.

Many courts have held that the legality of Whitaker's appointment as Acting Attorney General does not affect the validity of criminal prosecutions or sentences.[3] The United States Court of Appeals for the Fourth Circuit has gone further and concluded that Whitaker's appointment was constitutional. United States v. Smith, 962 F.3d 755, 763 (4th Cir. 2020). Despite reaching this conclusion, the court also noted that "even if [the defendant's] constitutional argument were right, he still would not be entitled to the relief he seeks, for [the defendant] has failed to show in any discernible fashion how Whitaker's designation affected the validity of [his] proceeding or prejudiced him in any way." Id. We agree with the alternate holding of our sister Court of Appeals.

Even assuming that Whitaker's appointment was invalid — which is a question we need not reach — Brooks "must show that Whitaker's tenure somehow affected [her] proceeding and prejudiced [her] in some way. Yet [Brooks] can do no such thing." See id. at 766. First, the criminal information Brooks sought to dismiss was filed weeks before Whitaker was appointed as Acting Attorney General. Second, Brooks was

---

[3]     See, e.g., United States v. Patara, 365 F. Supp. 3d 1085, 1093 (S.D. Cal. 2019) (concluding that the defendants' prosecution was valid, "notwithstanding whether Mr. Whitaker's appointment as acting Attorney General comports with the requirements under the Appointments Clause"); United States v. Santos-Caporal, No. 1:18-cr-171, 2019 WL 468795, at *7 (E.D. Mo. Jan. 9, 2019); United States v. Smith, No. 1:18-cr-115, 2018 WL 6834712, at *3 (W.D.N.C. Dec. 28, 2018); United States v. Peters, No. 6:17-cr-55, 2018 WL 6313534, at *7 (E.D. Ky. Dec. 3, 2018); United States v. Valencia, No. 5:17-cr-882, 2018 WL 6182755, at *7 (W.D. Tex. Nov. 27, 2018).

subsequently charged pursuant to an indictment issued by a properly constituted grand jury. See Costello v. United States, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits."). Third, to the extent that Brooks argues that her conviction should be vacated merely because Whitaker's appointment overlapped with part of her prosecution, Brooks was prosecuted by the United States Attorney for the District of the Virgin Islands who was independently empowered by statute to prosecute cases and duly appointed by a district court. See 28 U.S.C. § 547(1) (providing that each United States attorney shall "prosecute for all offenses against the United States"); see also 28 U.S.C. § 546(d) ("If an appointment expires . . . the district court for such district may appoint a United States attorney to serve until the vacancy is filled."). Because Brooks has failed to show how Whitaker's appointment affected her, we hold that the District Court did not err in denying Brooks's motion to dismiss.

B.

We next consider the District Court's denial of Brooks's motion to suppress. Brooks argues that DHS did not have the authority to issue the Delta and Sprint Subpoenas and that the information the Government received from Sprint should be suppressed because the Government failed to obtain a warrant. The Delta Subpoena was issued under 8 U.S.C. § 1225(d),[4] which specifies that the "Attorney General and any

---

[4]   The Government explained in its opposition to Brooks's motion to suppress that it requested that DHS reissue the Delta Subpoena under 21 U.S.C. § 967. United States'

6

immigration officer shall have the power" to issue subpoenas. 8 U.S.C. § 1225(d)(4)(A).

The Sprint Subpoena was issued under 21 U.S.C. § 967, which provides that "the

Secretary of the Treasury may . . . require the production of records . . . relevant or

material to the investigation." With respect to the information it received pursuant to the

Sprint Subpoena, the Government represented at the suppression hearing that it would

only use the subscriber information and telephone log at trial, not the location

information.

Brooks does not have Fourth Amendment standing to challenge the subpoenas.

Defendants "must have standing to invoke the Fourth Amendment's exclusionary rule."

United States v. Correa, 653 F.3d 187, 190 (3d Cir. 2011). Whether defendants have

standing depends on whether they had a reasonable expectation of privacy in the

information the Government sought to use. See United States v. Cortez-Dutrieville, 743

F.3d 881, 885 (3d Cir. 2014). The "Fourth Amendment does not prohibit the obtaining of

information revealed to a third party and conveyed by him to Government authorities,

even if the information is revealed on the assumption that it will be used only for a

limited purpose and the confidence placed in the third party will not be betrayed." United

States v. Miller, 425 U.S. 435, 443 (1976); see also Carpenter v. United States, 138 S. Ct.

---

Opp'n to Defs.' Mot. to Suppress Evid. Obtained Through Administrative Subpoenas at 2 n.1, United States v. Brooks, No. 3:18-cr-42 (D.V.I. Dec. 20, 2018), ECF No. 70. The parties did not include the reissued subpoena in their Joint or Supplemental Appendices. Whether the Government reissued the subpoena is not material because our analysis applies equally to both statutes.

7

2206, 2222 (2018) ("We hold only that a warrant is required in the rare case where the suspect has a legitimate privacy interest in records held by a third party.").

We have previously explained that there is no reasonable expectation of privacy in subscriber information voluntarily conveyed to third parties. See United States v. Christie, 624 F.3d 558, 573–74 (3d Cir. 2010) (discussing IP addresses). We similarly agree with our sister Courts of Appeals that there is no reasonable expectation of privacy in telephone subscriber information and records or flight and ticketing information. See Johnson v. Duxbury, 931 F.3d 102, 108 (1st Cir. 2019) (concluding that "a phone subscriber has no reasonable expectation of privacy in the phone service provider's records of the numbers that the subscriber has dialed and from which the subscriber has received calls"); United States v. Wheelock, 772 F.3d 825, 828–29 (8th Cir. 2014) (discussing internet subscriber information); United States v. Beckett, 369 F. App'x 52, 56 (11th Cir. 2010) ("Beckett could not have had a reasonable expectation of privacy in the information that was obtained from the ISPs and the phone companies."); United States v. Goree, 47 F. App'x 706, 712 (6th Cir. 2002) ("All of the information that Goree objects to was provided by him to the airline. Therefore, Goree lacks any 'reasonable expectation of privacy' in his flight information."). Brooks, therefore, had no reasonable expectation of privacy in the information on which the Government intended to rely that it obtained from Sprint and Delta.

The Government's failure to obtain a warrant before obtaining information from Sprint similarly does not justify suppression for the same reasons: Brooks had no reasonable expectation of privacy in the subscriber information or telephone logs

8

obtained from Sprint, which are the only pieces of information on which the Government intended to rely. See United States v. Goldstein, 914 F.3d 200, 202 (3d Cir. 2019) ("[I]f there is no reasonable expectation of privacy as to [the information obtained], then its acquisition does not require a search warrant."). Given the Government's representation that it would not use the location information, any reasonable expectation of privacy that Brooks may have had in that information is not relevant. See United States v. Maddex, No. 98-50005, 1998 WL 789414, at *1 (9th Cir. Nov. 6, 1998) (rejecting the defendant's argument that "unlawfully elicited statements tainted the validly obtained biographical information"); United States v. Kupper, 179 F. Supp. 264, 268 (E.D. Pa. 1959) (denying the defendant's motion to suppress because "the Government did not in any way use information obtained as a result of the search"); cf. United States v. de la Cruz-Paulino, 61 F.3d 986, 993–94 (1st Cir. 1995) (explaining that Federal Rule of Criminal Procedure 12 allows defendants to avoid the necessity of moving to suppress evidence the government does not intend to use).

Notwithstanding Brooks's lack of Fourth Amendment standing, she could still challenge DHS's authority to issue the subpoenas if the relevant statutes allowed for such a challenge. To challenge the statutory authority of a government agency to issue a subpoena, movants must assert their own legal interests and show that their interests are within the zone of interests the statute is intended to protect. See Davis ex rel. Davis v. Phila. Hous. Auth., 121 F.3d 92, 96 (3d Cir. 1997). The U.S. Courts of Appeals for the Ninth and Tenth Circuits, when reviewing a statute similar to the statutes at issue here, concluded that defendants cannot challenge a subpoena if the "statute provides no express

9

right to challenge the [government's] subpoenas issued under it." United States v. Moffett, 84 F.3d 1291, 1293 (10th Cir. 1996); see also United States v. Plunk, 153 F.3d 1011, 1020 (9th Cir. 1998) (concluding that the defendant could not attack the subpoena because he was not in the zone of interest and the statute did not provide an express right to challenge subpoenas issued under it), overruled on other grounds by United States v. Hankey, 203 F.3d 1160, 1169 n.7 (9th Cir. 2000).

Here, 8 U.S.C. § 1225 and 21 U.S.C. § 967 give the Attorney General, immigration officers, and the Secretary of the Treasury broad powers to investigate violations of immigration laws and federal drug smuggling laws, respectively. Neither statute provides an express right to challenge the subpoenas issued under them. Brooks consequently does not fall within the zones of interest the statutes are meant to protect and thus cannot challenge the Delta and Sprint Subpoenas.[5] Indeed, "[o]ur supervisory power does not authorize us to order suppression of 'otherwise admissible evidence on the ground that it was seized unlawfully from a third party not before the court.'" Moffett, 84 F.3d at 1294 (quoting United States v. Payner, 447 U.S. 727, 735 (1980)). We therefore do not reach whether DHS was authorized to issue the subpoenas.

---

[5]    Even if Brooks could challenge the subpoenas, suppression is not an available remedy because both statutes are silent as to whether exclusion is appropriate. See United States v. Moalin, 973 F.3d 977, 996 (9th Cir. 2020) ("Because suppression is a disfavored remedy, we impose it to remedy a statutory violation only where it is clearly contemplated by the relevant statute." (quoting United States v. Forrester, 512 F.3d 500, 512 (9th Cir. 2008)) (quotation marks and alterations omitted)).

We consequently hold that the District Court did not err in denying Brooks's motion to suppress and will affirm the court's judgment.[6]

III.

For the foregoing reasons, we will affirm Brooks's judgment of conviction.

---

[6]    We have considered all other arguments made by Brooks and conclude that they are without merit.